**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LORI LEE HOLLEY, | ) | Case No. 09-30969 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| LORI LEE HOLLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 09-3055 |
| | ) | |
| UNITED STATES DEPARTMENT OF EDUCATION, | ) ) | |
| | ) | |
| Debtor. | ) | |

## MEMORANDUM OPINION

On March 25, 2010, the Court held a hearing on the Debtor Lori Lee Holley's complaint for a determination that the student loans owed to the Defendant, the United States Department of Education, are dischargeable under 11 U.S.C. § 523(a)(8). The central issue in this case, as it is in most § 523(a)(8) cases, is whether excepting the student loans from discharge would impose an undue hardship on the Debtor.

## DISCUSSION

In the Eighth Circuit, courts apply a "totality of the circumstances" test to determine whether excepting a student loan from discharge would impose an undue hardship on a debtor.[1] In more specific terms, courts consider: (1) the debtor's past, current and reasonably reliable future financial resources; (2) the reasonably necessary living expenses of the debtor and the debtor's dependents;

---

[1] *In re Reynolds*, 425 F.3d 526, 532 (8th Cir. 2005); *Long v. Educ. Credit Mgmt. Corp. (In re Long)*, 322 F.3d 549, 554 (8th Cir.2003).

and (3) and other relevant facts and circumstances unique to the particular case.[2]  We examine each of these factors in turn.

**A.      Holley's past, current and reasonably reliable future financial resources:**

Holley's earnings history is not encouraging.  After receiving her accounting degree in 1998, Holley worked from July 1999 to October 2002 for a commercial business in Carthage, apparently in the bookkeeping department.  Her highest annual earnings in those years, and for her entire working life, were $31,987.  After leaving this job in October 2002, Holley held a series of short-term, lower-paying jobs with declining earnings – $4,461 in 2003, $3,986 in 2004, $10,912 in 2005 (when she worked about seven months as a convenience store night manager), and $1,153 in 2006.  Since leaving a one-month job in a nursing home in 2006, Holley has not been employed and has had no earnings.  She has no assets.

Holley testified that her only income at this time is about $30 to $60 a week that her mother gives her and $50 a week from a government program that has recently placed her in an independent living situation.  She has applied for numerous jobs but has seldom been granted an interview.  Holley does not believe she will ever be able to work again.

Reports from Holley's doctor indicate that Holley has "markedly limited" abilities to maintain attention and concentrate for extended periods, to perform activities within a schedule, to maintain regular attendance, to work with others, and to interact with the public.  She has been diagnosed as suffering from bipolar disorder, and testified that she has frequent anxiety attacks (3-5 per week) with no apparent cause, and that she has panic attacks when in large groups of people.  She has a history of alcohol abuse, though she seems to have overcome that in recent years.  She takes numerous medications daily for depression, anxiety, blood pressure, and arthritis.  Holley acknowledged that her application for Social Security disability has been rejected, but testified that it is being reconsidered.  Neither party offered any evidence of the reason for the initial rejection; therefore, the Court attaches no significance to it.

---

[2] *Long*, 322 F.3d at 554; *Ford v. Student Loan Guarantee Foundation of Arkansas*, 269 B.R. 673, 676 (B.A.P. 8th Cir. 2001).

Based on her recent history of now-chronic unemployment and her medical condition, the Court finds that it is unlikely that Holley will be gainfully employed in the future or that she will ever earn a sufficient income to enable her to repay even a portion of her student loan debt. The Court rejects the Defendant's counsel's suggestion that Holley should be able to work because she is not physically disabled. Mental illness can be as disabling – if not more disabling – as any physical ailment or condition. Clearly, Holley is disabled by her mental illnesses. Moreover, Holley testified that she suffers from arthritic pain that would also prevent her from working.

**B.     Holley's reasonably necessary living expenses:**

Holley stated in her bankruptcy schedules that her monthly living expenses are $181. It is hard to imagine that the Debtor is able to live on such a meager sum, even with the government assistance she receives. Thus, it is clear that Holley cannot afford to reduce her expenses to make funds available for the repayment of her student loans.

**C.     Other relevant facts and circumstances:**

The Eighth Circuit Court of Appeals recently ruled that the availability of alternative repayment plans, such as the Department of Education's Income Contingent Repayment Plan ("ICRP"), is another factor courts should consider in determining undue hardship under § 523(a)(8).[3] Under the ICRP, the amount of a debtor's student loan payments is determined by a formula tied to the debtor's income. If a debtor has no income, she is not required to make any payments. Although Holley testified that she was unaware of such programs, counsel for the Department of Education acknowledged that Holley would not be required to pay anything under the ICRP based on her current earnings. For this reason, her failure to make application to that program has no bearing on the discharge of her student loan obligations.

Holley's health, discussed above, is another relevant factor to be considered under the "totality of the circumstances" test. As previously indicated, Holley's medical problems are a serious impediment to her future employment prospects as well as to her current employment prospects and make it unlikely that Holley can be gainfully employed in the future.

---

[3] *Educational Credit Management Corp. v. Jesperson*, 571 F.3d 775, 781 (8th Cir. 2009).

## CONCLUSION

For the foregoing reasons, the Court finds that excepting her student loans from discharge would impose an undue hardship on the Debtor, Lori Lee Holley.  Therefore, the Court will grant her a discharge of those loans pursuant to 11 U.S.C. § 523(a)(8) and § 727.  A separate order consistent with this Memorandum Opinion will be entered pursuant to Fed. R. Bank. P. 9021.

**ENTERED** this 2nd day of April 2010.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to:
Cobb Young
Earl W. Brown, III